# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **LIFEBRITE HOSPITAL GROUP OF STOKES, LLC,**<br><br>  **Plaintiff,**<br><br>v.<br><br>**AETNA HEALTH INC. and AETNA HEALTH OF THE CAROLINAS, INC.,**<br><br>  **Defendants.** | Civil Action No: 1:18-cv-336 |

## DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

Defendants Aetna Health Inc. and Aetna Health of the Carolinas, Inc. ("Defendants") file this Notice of Removal of Civil Action brought by LifeBrite Hospital Group of Stokes, LLC ("Plaintiff"). The grounds in support of this Notice of Removal are as follows:

1. Plaintiff filed its Complaint against Defendants on March 21, 2018, in the General Court of Justice, Superior Court Division, Stokes County, North Carolina, under Case Number 18-CVS-207 (the "State Court Action"). A true and correct copy of the Complaint is attached as Exhibit 1.

2. Defendants were served with or otherwise received a copy of the Complaint on March 29, 2018. A true and correct copy of the citation received by Defendants is attached as Exhibit 2.

3. The State Court Action may be removed to this Court because the Complaint raises a claim that is necessarily federal in character under ERISA,[1] which completely preempts Plaintiff's state law claims.

4. "Under the removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal court."[2] "District courts have original jurisdiction over claims 'arising under the Constitution, laws, or treaties of the United States.'"[3]

5. "To determine whether a plaintiff's claims 'arise under' the laws of the United States, courts typically use the 'well-pleaded complaint rule,' which focuses on the allegations of the complaint."[4] "An exception to the well-pleaded complaint rule occurs when a federal statute completely preempts state law causes of action."[5]

6. The Fourth Circuit Court of Appeals has outlined a three-prong test for complete preemption:

(1) the plaintiff must have standing under § 502(a) to pursue its claim;

(2) the claim must come within the scope of an ERISA provision that can be enforced via § 502(a); and

---

[1] Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461.

[2] *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)); *see also* 28 U.S.C. § 1441(a).

[3] *Id.* (citing 28 U.S.C. § 1331).

[4] *Id.* (citing *Davila*, 542 U.S. at 207).

[5] *Id.* at 207-08.

(3) the claim must not be capable of resolution without an interpretation of the contract governed by federal law, i.e., an ERISA-governed employee benefit plan.[6]

7. First, courts within the Fourth Circuit have held that healthcare providers may acquire derivative standing under ERISA by obtaining an assignment of the participant or beneficiary's right to payment of medical benefits.[7] As an assignee of its patients' rights to medical benefits under the ERISA plans, Plaintiff could have brought its complaints about Defendants' coverage determinations under the civil enforcement provisions of ERISA.

8. Second, "[a] claim falls within the scope of § 502(a) if it seeks, among other things, the recovery of benefits under an ERISA Plan."[8] "The United States Supreme Court and the Fourth Circuit have consistently held that common law claims stemming from employee benefit claims are preempted by ERISA."[9]

9. Here, Plaintiff has asserted state law claims arising out of Defendants' denial of Plaintiff's claims for payment of plan benefits. Plaintiff states, *inter alia*, that it operates a critical access hospital that offers inpatient, outpatient and outreach laboratory

---

[6] *Lawrence v. Randolph Hosp., Inc.*, No. 1:17CV363, 2018 WL 1478039, at *2 (M.D.N.C. Mar. 26, 2018) (slip copy) (quoting *Prince*, 848 F.3d at 177).

[7] *See Bobby P. Kearney, MD, PLLC v. Blue Cross & Blue Shield of N.C.*, 233 F. Supp. 3d 496, 503 (M.D.N.C. 2017) (collecting cases); *see also Exact Scis. Corp. v. Blue Cross & Blue Shield of N.C.*, No. 1:16CV125, 2017 WL 1155807, at *5 (M.D.N.C. Mar. 27, 2017) (same).

[8] *Kearney*, 233 F. Supp. at 504 (citing *Marks v. Watters*, 322 F.3d 316, 323 (4th Cir. 2003)).

[9] *Lawrence*, 2018 WL 1478039 at *3 (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987)) (finding state common law breach of contract, fraud, and bad faith claims preempted) and *Powell v. Chesapeake & Potomac Tel. Co.*, 780 F.2d 419, 422 (4th Cir. 1985)) (finding state law claims based on the maladministration of employee benefits preempted by ERISA).

services, and that Aetna denied payment for services that Plaintiff rendered to Aetna members. *See* Exhibit 1, Complaint at ¶¶ 7, 13, 14, 17, 20. In fact, many of those "members" were participants or beneficiaries of employee welfare benefit plans, including self-funded plans, governed by ERISA. Defendants either insure or provide third-party claims administrative services to the ERISA plans, including administering claims for benefits available under the terms of the plans. Plaintiff's claims—which seek the recovery of benefits under ERISA plans and challenge Defendants' administration of the plans—clearly fall within the scope of § 502(a).[10]

10. Moreover, this is not a "rate of payment" dispute over the amount or level of payment under a provider agreement.[11] Rather, this dispute concerns the "right to payment." Plaintiff is challenging the *denial* of coverage for ERISA-governed medical claims, and the payments that Plaintiff seeks to recover from Defendants are payable, if at all, under the terms of the underlying ERISA plans.

11. Finally, Plaintiff's claims are not capable of resolution without interpreting the ERISA plans. Plaintiff has artfully pled its state law claims in an attempt to avoid ERISA preemption. But, as the Fourth Circuit has held, "Defendants may remove preempted state law claims to federal court, regardless of the 'label' that the plaintiff has

---

[10] *See Kearney*, 233 F. Supp. 3d at 505 (holding healthcare provider's breach of contract claim fell squarely within § 502(a) where it challenged the denial of payment for services it rendered to participants under ERISA health care plans issued by the defendant); *see also Prince*, 848 F.3d at 178 (finding a claim that attacked actions surrounding the denial of benefits was one that challenged the administration of the ERISA plan—i.e., "a core § 502(a) claim").

[11] *See Kearney*, 233 F. Supp. 3d at 504 (citing *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 530-32 (5th Cir. 2009)); *see also Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1304 (11th Cir. 2010).

- 4 -

used."[12] In the Complaint, Plaintiff alleges breach of contract based on Defendants' "refusal to process claims and reimburse LifeBrite for services rendered to its members." Exhibit 1, Complaint at ¶ 17. Plaintiff also alleges unjust enrichment based on its alleged "provision of services to Members"—i.e., members of the ERISA plans—which it contends "conferred a valuable benefit to the Defendants." *Id.* at ¶ 20. In reality, regardless of the "label" used, Plaintiff's entitlement to payment depends on whether the Plaintiff rendered services to Defendants' members that were covered under the terms of the ERISA plans.

12. In sum, Plaintiff has asserted state law claims that are completely preempted by ERISA's civil enforcement scheme, codified at 29 U.S.C. § 1132(a). This Court has original jurisdiction over such claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e), and the matter is one that may be removed pursuant to 28 U.S.C. §1441(a) and controlling case law.[13]

13. Alternatively, if any of Plaintiff's state law claims are found not to be completely preempted, all of the claims in this case are part of the same case or controversy, and this Court has supplemental jurisdiction over those state law claims, if any. 28 U.S.C. § 1367(a).

---

[12] *Prince*, 848 F.3d at 177 (citations omitted).

[13] *See Davila*, 542 U.S. at 207, 209-11; *Pilot Life Ins. Co.*, 481 U.S. at 56-57; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Prince*, 848 F.3d at 176-79.

14. This Notice of Removal of Civil Action is timely pursuant to 28 U.S.C. § 1446(b) because the State Court Action is being removed within thirty (30) days after Defendants were served with or otherwise received a copy of the Complaint.

15. Promptly after filing this Notice of Removal, Defendants will provide written notice of removal to Plaintiff and will file a copy of this Notice of Removal with the Stokes County Clerk of Superior Court. A true and correct copy of the notice being filed is attached hereto as Exhibit 3.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the State Court Action be removed to the United States District Court for the Middle District of North Carolina.

Dated: April 25, 2018

Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

By: /s/ Nash E. Long
Nash E. Long
N.C. State Bar # 24385
*nlong@HuntonAK.com*
101 South Tryon Street, Suite 3500
Charlotte, NC 28280
Telephone: 704.378.4700
Facsimile: 704.378.4890

*Attorney for Defendants Aetna Health Inc. and*
*Aetna Health Of The Carolinas, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system for the United States District Court, Middle District of North Carolina, and that a true and correct copy of this document was also mailed and e-mailed to Plaintiff's attorney of record as follows:

> Michael R. Bennett, Esq.
> Bennett & West, PLLC
> P.O. Box 775
> King, North Carolina 27021
> *michael@bennettandwest.com*

> /s/ Nash E. Long
> Nash E. Long
> N.C. State Bar # 24385
> *nlong@HuntonAK.com*
> 101 South Tryon Street, Suite 3500
> Charlotte, NC 28280
> Telephone: 704.378.4700
> Facsimile: 704.378.4890